**Rebeca ALVARADO–VALENCIA, aka Rebeca Alvarado Vda De Valencia, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76119.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 20, 2007.

John E. Ricci, Esq., Law Office of Ricci & Sprouls, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Justin M. Nicholson, Esq., U.S. Department of Justice, Atlanta, GA, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Rebeca Alvarado–Valencia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") decision that affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Aruta v. INS*, 80 F.3d 1389, 1393 (9th Cir.1996), and we deny in part and dismiss in part.

Substantial evidence supports the IJ's finding that the threat Alvarado–Valencia received did not constitute past persecution on account of a protected ground. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000); *see also Sangha v. INS*, 103 F.3d 1482, 1490–91 (9th Cir.1997) (petitioner presented no evidence to show that he was persecuted on account of a political opinion). In addition, substantial evidence supports the IJ's finding that Alvarado–Valencia's fear of future persecution is not objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003). Accordingly, her asylum claim is denied.

Because Alvarado–Valencia failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Because Alvarado–Valencia failed to exhaust her CAT claim before the BIA, this court lacks jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.